UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Malibu Media LLC** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Case No. 1:13-cv-00512 |
| | : | |
| **OY** | : | |
| **Defendant** | : | |

### DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant, OY, ("Defendant") by and through his attorneys The Law Offices of Fredric D. Abramson, hereby answers the Second Amended Complaint of Plaintiff Malibu Media, L.L.C. ("Plaintiff"), as follows:

### Introduction

1. Defendant admits that Plaintiff has alleged a cause of action as stated in the Second Amended Complaint but denies all other allegations contained in paragraph 1 of the Second Amended Complaint.

2. Defendant denies the Plaintiff's allegations in Paragraph 2.

3. Defendant denies the Plaintiff's allegations in Paragraph 3, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

### Jurisdiction and Venue

4. Defendant admits that this Court has Subject Matter Jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 but denies all other allegations in Paragraph 4 of the Second Amended Complaint.

5.  Defendant admits to being a resident of the state of Maryland, but otherwise denies all other allegations in Paragraph 5.

6.  Defendant admits to being a resident of the state of Maryland, but otherwise denies all other allegations in Paragraph 6.

**Parties**

7.  Defendant denies the Plaintiff's allegations in Paragraph 7, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

8.  Defendant denies the Plaintiff's allegations in Paragraph 8.

**Factual Background**

9.  Defendant denies the Plaintiff's allegations in Paragraph 9, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

10. Defendant denies the Plaintiff's allegations in Paragraph 10, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

11. Defendant denies the Plaintiff's allegations in Paragraph 11, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

12. Defendant denies the Plaintiff's allegations in Paragraph 12, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

13. Defendant denies the Plaintiff's allegations in Paragraph 13, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

14. Defendant denies the Plaintiff's allegations in Paragraph 14, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

15. Defendant denies the Plaintiff's allegations in Paragraph 15, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

16. Defendant denies the Plaintiff's allegations in Paragraph 16.

17. Defendant denies the Plaintiff's allegations in Paragraph 17.

18. Defendant denies the Plaintiff's allegations in Paragraph 18, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

19. Defendant denies the Plaintiff's allegations in Paragraph 19, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

20. Defendant denies the Plaintiff's allegations in Paragraph 20, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

21. Defendant denies the Plaintiff's allegations in Paragraph 21, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

22. Defendant denies the Plaintiff's allegations in Paragraph 22, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

23. Defendant denies the Plaintiff's allegations in Paragraph 23, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

24. Defendant denies the Plaintiff's allegations in Paragraph 24.

25. Defendant denies the Plaintiff's allegations in Paragraph 25.

26. Defendant denies the Plaintiff's allegations in Paragraph 26, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

27. Defendant denies the Plaintiff's allegations in Paragraph 27, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

28. Defendant denies the Plaintiff's allegations in Paragraph 28, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

**Miscellaneous**

29. Defendant denies the Plaintiff's allegations in Paragraph 29, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

30. Defendant denies the Plaintiff's allegations in Paragraph 30, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

## COUNT I

31. Defendant re-affirms the answers provided in paragraphs 1-30.

32. Defendant denies the Plaintiff's allegations in Paragraph 32, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

33. Defendant denies the Plaintiff's allegations in Paragraph 33.

34. Defendant denies the Plaintiff's allegations of Paragraph 34, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

35. Defendant denies the Plaintiff's allegations in Paragraph 35, including all subparts.

36. Defendant denies the Plaintiff's allegations in Paragraph 36.

## Defenses

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim for Relief

37. /Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### Invalidity or Unenforceability of Copyright Claims

38. Plaintiff is not the lawful owner of the copyrights to the films at issue.

### THIRD AFFIRMATIVE DEFENSE
### Waiver

39. On information and belief, Plaintiff allowed subscribers to the X-Art.com website to download materials from that website and to subsequently upload or "seed" those materials on torrent sites, and took no action against such subscribers and thereby promoted downloads and torrent "seeds" in order to assert copyright infringement claims against those who subsequently downloaded torrents.

### FOURTH AFFIRMATIVE DEFENSE
### Consent

40. On information and belief, Plaintiff posted its films in whole or in part on other Internet web sites that offered "free" access to films on such sites, which thereby created the reasonable inference that films available on "free" sites are also "free" to download from torrent sites.

### FIFTH AFFIRMATIVE DEFENSE
### De Minimis Non Curat Lex

41. Defendant submits that Plaintiff's claim for copyright infringement is barred by the doctrine of de minimis non curat lex (the law cares not for trifle) or *de minimis* use.

### SIXTH AFFIRMATIVE DEFENSE
### Failure to Mitigate Damages

42. Plaintiff has made no attempt to mitigate any actual or perceived damages to the extent damages were suffered, which Defendant expressly denies; therefore, Defendant requests dismissal of Plaintiff's Complaint because Plaintiff has failed to take the reasonable and necessary steps to mitigate any damages.

## SEVENTH AFFIRMATIVE DEFENSE
### No Damages

43.     Plaintiff has suffered no damages as a consequence of Defendant's alleged downloads.

## EIGHTH AFFIRMATIVE DEFENSE
### Innocent Infringement

44.     Notwithstanding any other defenses disclosed herein or without admitting any conduct alleged by Plaintiff, if Defendant is found liable for copying Plaintiff's copyrighted material, then Defendant requests that the Court waive or eliminate damages because Defendant is an innocent infringer under the law because other persons, both known and unknown, had access to and use of the Internet connection allegedly used by Defendant, making Defendant's actions not "willful" and in good-faith.

## NINTH AFFIRMATIVE DEFENSE
### Barring of Statutory Damages and Attorney's Fees

45.     Plaintiff's claims for statutory damages are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained, which is a violation of the Due Process Clause.

46.     The Fifth Amendment right to due process bars Plaintiff's claim. The Supreme Court has held that due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., v. Campbell, 528 U.S. 408, 123 S. Ct. 1513, 1524 (2003); see also Parker v. Time Warner Entertainment Co., 331 F.3d 13,22 (2nd Cir. 2003); In Re Napster, Inc., 2005 WL 1287611, 377 F. Supp. 2d 796, 77 U.S.P.Q.2d 1833, (N.D. Cal. 2005). In fact, an award of statutory

damages at four times actual damages "might be close to the line of constitutional impropriety." *Id*. If all of Plaintiff's settlements for infringement of the works in question are added together, the damages likely exceed beyond the statutory maximum allowed by the copyright statute.

### TENTH AFFIRMATIVE DEFENSE
### Failure to Join an Indispensable Party

47. The Plaintiff failed to include indispensable parties, including at least two other persons who had regular access to and use of the Internet connection and IP address that Plaintiff alleges Defendant used to download infringing materials.

### ELEVENTH AFFIRMATIVE DEFENSE
### License

48. Plaintiff's claims are barred by Plaintiff's granting an implied license to Bit Torrent users, because on information and belief, the initial or "seed" upload to Bit Torrent was performed either by persons whose identities Plaintiff knew or should have known, or by Plaintiff itself, which constitutes Plaintiff authorizing use via Bit Torrent.

### TWELFTH AFFIRMATIVE DEFENSE
### Unclean Hands

49. Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE
### Fair Use

50. Any downloads of Plaintiff's films from a torrent site constitutes Fair Use under the copyright laws of the United States.

### FOURTEENTH AFFIRMATIVE DEFENSE
### Forfeiture or Abandonment

51. Plaintiff's claims are barred to the extent it has forfeited or abandoned its intellectual property.

### FIFTEENTH AFFIRMATIVE DEFENSE
### Estoppel

52. Plaintiff's claims are barred by estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE
### Exhaustion of Rights

53. Plaintiff's claims are barred by the doctrine of exhaustion.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### Statutory Bar

54. Plaintiff's claims are barred by Section § 230 of the Communications Decency Act and/or the Online Copyright Infringement Liability Limitation Act.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### Fraud on the Copyright Office

55. On information and belief, Plaintiff's claims are barred by misrepresenting the authorship and/or ownership basis in filing their applications for registration under the copyright laws of the United States.

### NINETEENTH AFFIRMATIVE DEFENSE
### Injunctive Relief

56. Plaintiff's is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate, is not irreparable, and Plaintiff has an adequate remedy at law.

### TWENTIETH AFFIRMATIVE DEFENSE
### Double Recovery and Damage Set-Offs

57. Plaintiff's damages are barred as such damages would constitute a double recovery and/or are barred by damage set-offs.

### TWENTY FIRST AFFIRMATIVE DEFENSE
### Witness Unreliability, Tainting, Partisanship and Bias

58. Defendant has concurrently filed a Motion to Dismiss on grounds that the Plaintiff's fact witness, IPP Limited, was paid on a contingent fee basis. The evidence and testimony presented by a witness being a paid a fee contingent on the case outcome cannot be considered to be reliable, untainted, neutral and unbiased.

Pursuant to FRCP 11, as amended, all possible affirmative defenses and counterclaims may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer, and therefore Defendant reserves the right to amend its answer to allege additional affirmative defenses and/or counterclaims, if subsequent investigation elicits facts that warrant such defenses and/or counterclaims.

### PRAYER FOR RELIEF

**WHEREFORE,** Defendant having fully answered and pled to the causes of actions herein, Defendant requests an order granting the following relief:

a. A judgment in favor of Defendant denying Plaintiff's requested relief and dismissal of Plaintiff's Complaint with prejudice by this court;

b. Award Defendant its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

c. Grant Defendant any other and further relief this Court deems just and proper.

DATED: June 11, 2014

                                              Respectfully submitted,
                                              Law offices of Fredric D. Abramson

                                      By: __/s/ Fredric D. Abramson_____
                                             Fredric D. Abramson #05438

                    21155 Woodfield Road
                    Gaithersburg, MD 20882
                    Telephone: (301) 758-1120 (cell direct)
                    FDAbramson@FDAbramson.com

                    Attorney for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of June 2014, a copy of the foregoing Answer to Second Amended Complaint was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system:

Jon A. Hoppe, Esq.
Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
1401 Mercantile Lane, #105
Largo, Maryland 20774

                    By: __/s/ Fredric D. Abramson_____
                          Fredric D. Abramson #05438
                          21155 Woodfield Road
                          Gaithersburg, MD 20882
                          Telephone: (301) 758-1120 (cell direct)
                          FDAbramson@FDAbramson.com

                          Attorney for Defendant