UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | * | |
| **Plaintiff,** | * | CASE NO. 1:13-cv-00512-JKB |
| v. | * | |
| **JOHN DOE subscriber assigned IP address 74.107.99.177,** | * | |
| | * | |
| **Defendant.** | * | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f) hereby moves for entry of an order striking certain of Defendant's affirmative defenses, and in support thereof, states:

**I.   INTRODUCTION**

Plaintiff's Second Amended Complaint was filed on April 29, 2014. On June 11, 2014, Defendant filed his answer asserting twenty-one (21) affirmative defenses against Plaintiff's Second Amended Complaint. CM/ECF 61. Defendant's affirmative defenses are insufficient and should therefore be stricken. Specifically, Defendant's Sixth Affirmative Defense (Failure to Mitigate Damages) is improper in light of Plaintiff's election of only statutory damages. Defendant's Seventh Affirmative Defense (No Damages) fails as a matter of law because statutory damages are awardable under the Copyright Act even if no actual damage is shown. Defendant's Tenth Affirmative Defense (Failure to Join an Indispensable Party) is insufficiently pled and also fails as a matter of law because there are no other parties required to be joined in this action under the Federal Rules. Defendant's Twelfth Affirmative Defense (Unclean Hands)

1

is threadbare and fails to satisfy even the liberal pre-*Iqbal*/*Twombly* pleading requirements. Finally, Defendant's Seventeenth Affirmative Defense (Statutory Bar) fails as a matter of law because neither the Communications Decency Act nor the Online Copyright Infringement Liability Limitations Act is applicable.  For the foregoing reasons, as explained more fully below, this Court should grant the subject Motion.

## II.     LEGAL STANDARD

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "This Court has previously found that the plausibility standard set forth in *Bell Atlantic v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 566 U.S. 662 (2009), applies as much to the pleading of affirmative defenses as it does to the pleading of allegations in a complaint." *Hammer v. Peninsula Poultry Equip. Co., Inc.*, 2013 WL 97398, at *5 (D. Md. Jan. 8, 2013). *See also Ulyssix Technologies, Inc. v. Orbital Network Eng'g, Inc.*, 2011 WL 631145, at *14 (D. Md. 2011) and the cases cited therein. Accordingly, "an assertion of an affirmative defense must contain 'more than labels and conclusions' and a 'formulaic recitation' of the elements of the defense.  Additionally, an assertion of an affirmative defense is insufficient if it does not contain 'enough facts' demonstrating that it is 'plausible on its face.'" *Id.*  Further, "[a]n affirmative defense will be stricken 'if it is impossible for the defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint ...'" *Openshaw v. Cohen, Klingenstein & Marks, Inc.*, 320 F. Supp. 2d 357, 364 (D. Md. 2004).  And, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Mike's Train House, Inc. v.*

*Broadway Ltd. Imports, LLC*, 2011 WL 2415014, at *2 (D. Md. 2011) (*quoting* 5C Fed. Prac. Proc. Civ. § 1380, 647 (3d ed.2011)).

### III. DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

#### A. Defendant's Sixth Affirmative Defense (Failure to Mitigate Damages) Should be Stricken as Improper

It is impossible for Defendant to "prove a set of facts in support of" his Sixth Affirmative Defense "that would defeat the complaint." *Openshaw*, 320 F. Supp. 2d at 364 (D. Md. 2004). As such, Defendant's Sixth Affirmative Defense should be stricken. For his Sixth Affirmative Defense, Defendant conclusorily alleges that "Plaintiff has made no attempt to mitigate any actual or perceived damages . . . therefore, Defendant requests dismissal of Plaintiff's Complaint because Plaintiff has failed to take the reasonable and necessary steps to mitigate any damages." Aff. Def., ¶ 42.

First, even if Plaintiff failed to mitigate damages, such failure is not a legally cognizable reason to dismiss Plaintiff's copyright infringement claims. To the best of undersigned's knowledge, no Court has ever held to the contrary. Numerous courts have held, however, that a "failure to mitigate" defense does not apply where, as here, a copyright plaintiff has elected to recover only statutory damages instead of an award of actual damages and profits. *See e.g. Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *2 (N.D. Ind. 2013) ("[h]aving elected statutory damages, Plaintiff has given up the right to seek actual damages, thereby making a failure-to-mitigate defense inapplicable."); *Malibu Media, LLC v. Batz,* 2013 WL 2120412 at *3 (D. Colo. 2013) ("[t]he Court agrees that a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense"); *Malibu Media, LLC v. Ryder,* 2013 WL 4757266, at *3 (D. Colo. 2013) (same); *Malibu Media, LLC v. John Doe*, 8:13-cv-00472-JDW-EAJ, CM/ECF 19, at p. 2 (M.D. Fla. July 17, 2013) (same); *Malibu Media, LLC v. Doe*, 2014

WL 2581168, at *5 (N.D. Ill. 2014) (striking failure to mitigate defense where defendant conceded that it did not apply since Plaintiff elected only statutory damages.)

Because failure to mitigate damages is not a proper affirmative defense in light of Plaintiff's election to recover statutory damages only, Defendant's Sixth Affirmative Defense should be stricken.

### B. Defendant's Seventh Affirmative Defense (No Damages) Fails as a Matter of Law

Defendant's Seventh Affirmative Defense merely states that "Plaintiff has suffered no damages as a consequence of Defendant's alleged downloads." Aff. Def., ¶ 43. However, as mentioned above, Plaintiff has elected to recover only statutory damages instead of an award of actual damages. *See* Complaint, ¶ (D). The Supreme Court has held that "[e]ven for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy." *F.W. Woolworth Co. v. Contemporary Arts,* 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952). *See also Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 460-61 (D. Md. 2004) (citing *F.W. Woolworth* and other cases for the proposition that "[s]tatutory damages are appropriate even when actual damages cannot be proven.") As such, Defendant's Seventh Affirmative Defense fails as a matter of law and should be stricken.

### C. Defendant's Tenth Affirmative Defense (Failure to Join an Indispensable Party) Fails as a Matter of Law

Defendant's Tenth Affirmative Defense should be stricken because Plaintiff has not failed to join an indispensable party. For his Tenth Affirmative Defense, Defendant claims that "Plaintiff failed to include indispensable parties, including at least two other persons who had regular access to and use of the Internet connection and IP address that Plaintiff alleges

Defendant used to download infringing materials." Aff. Def., ¶ 47. Defendant's Tenth Affirmative Defense is insufficiently pled. This Court has previously held that "this particular defense should include not only the title of the defense but also the name of the party required to be joined, and, if possible, the required party's citizenship and a statement regarding the court's jurisdiction over the case if he were joined." *Hammer v. Peninsula Poultry Equip. Co., Inc.*, 2013 WL 97398, at *7 (D. Md. 2013) (striking affirmative defense of failure to join indispensable party). Here, Defendant clearly failed to plead such information.

Regardless, there are no additional parties required to be joined as a matter of law. Under Fed. R. Civ. P. 19(a)(1):

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.*

Here there are no persons required to be joined according to Rule 19 because "[t]o prevail against [Defendant], Malibu needs to prove that [he] downloaded its copyrighted material without authorization. The court will be able to adjudicate these matters and to 'accord complete relief' whether or not" other unknown individuals are present. *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648, at *10 (E.D. Pa. 2013). Additionally, there are no other persons that can

claim an interest in Defendant's actions in using BitTorrent to illegally infringe Plaintiff's works whose interest would be impaired or without whom Defendant would be left at risk of incurring double, multiple, or otherwise inconsistent obligations. *See Malibu Media, LLC v. Batz*, 2013 WL 2120412, at 84 (D. Colo. 2013) (same).

Although Defendant failed to identify the alleged indispensable parties, to the extent Defendant's affirmative defense is aimed at other alleged infringers who took part in the BitTorrent swarms, "Defendant's belief that 'other alleged infringers have not, and must, be joined in this lawsuit is debunked by the well-settled interpretations of Rule 19(a).'" *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *3 (N.D. Ind. 2013). Other "unnamed swarm members need not be joined as parties." *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648, at *10 (E.D. Pa. 2013).

BitTorrent Peers, as joint tortfeasors, are not necessary parties under Rule 19. *Id.,* ("joint tortfeasors are neither necessary parties under Rule 19(a) nor indispensible parties under Rule 19(b).") To explain, "copyright [infringement] is a strict liability tort." 5 Patry on Copyright § 17:167. *See also e.g. Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93 (3d Cir. 2004) ("Copyright infringement is a . . . tort"). Here, Plaintiff alleged Defendant directly infringed Plaintiff's copyright by: (a) downloading a complete copy of Plaintiffs' works from other peers via BitTorrent; and (b) distributing pieces of Plaintiffs' works to other peers (as evidenced by its distribution of a piece to IPP, Plaintiff's investigator.) If Plaintiff proves its case, Defendant is individually liable for this direct infringement.

It is well settled, black letter, tort law, that joint tortfeasors are *not* necessary parties. *See Temple v. Synthes Corp.*, Ltd. 498 U.S. 5, 6 (1990) ("It has long been the law that it is not necessary for all joint tortfeasors to be named in a single lawsuit. . . . The Advisory Committee

6

Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." 28 U.S.C.App., p. 595.") This rule has been applied in copyright cases. *See e.g., Interscope Records v. Duty* 2006 WL 988086, *2 (D. AZ 2006) ("Duty also argues that the alleged infringement would not have been possible without the use of Kazaa [a peer to peer file sharing service], and therefore the owner of Kazaa, Sharman Networks, Ltd. ("Sharman"), is a necessary and indispensable party to this suit. We disagree. . . .," citing, *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7-8, 111 S.Ct. 315, 316, 112 L.Ed.2d 263 (1990); *Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F.Supp.2d 1131, 1142 (N.D.Okla.2001) ("It is a well-settled rule that a joint tortfeasor is not a necessary party under Rule 19(a) to an action against another party with similar liability. A tortfeasor considered to have 'joint and several' liability is simply a permissive party to an action against another with like liability. Because a co-tortfeasor is simply allowable but not necessary for a copyright violation, they are by nature also not indispensable parties.")

Because Plaintiff has not failed to join an indispensable party, Defendant's Tenth Affirmative Defense fails as a matter of law and should be stricken.

**D. Defendant's Twelfth Affirmative Defense (Unclean Hands) is Insufficiently Pled**

For his Twelfth Affirmative Defense, Defendant merely asserts that "Plaintiff's claims are barred by the doctrine of unclean hands." Aff. Def., ¶ 49. Even under the liberal pre-*Twombly*/*Iqbal* pleading standards, Defendant's Twelfth Affirmative Defense is insufficient. In *Flame S.A. v. Indus. Carriers, Inc.*, 2014 WL 2871432, at *3 (E.D. Va. June 24, 2014), in which the court refused to apply *Twombly* and *Iqbal* to affirmative defenses, the court held that the defendant's unclean hands affirmative defense which merely read "Plaintiff Flame is barred from any equitable remedies due to its unclean hands" was "threadbare" and provided "neither 'fair

7

notice of the nature of the defense,' . . . nor clarity as to which claims the defense[] appl[ies]." *Id.* Accordingly, the court struck the affirmative defense. Similarly here Defendant's threadbare Twelfth Affirmative Defense fails to provide fair notice of the nature of the defense and should be stricken.

### E. Defendant's Seventeenth Affirmative Defense (Statutory Bar) Fails as a Matter of Law

Defendant's Seventeenth Affirmative Defense fails as a matter of law and should be stricken. For his Seventeenth Affirmative Defense Defendant asserts that "Plaintiff's claims are barred by Section § 230 of the Communications Decency Act and/or the Online Copyright Infringement Liability Limitation Act." Aff. Def., ¶ 54. Significantly, neither statute cited by Defendant is applicable to this case. As to Defendant's Communications Decency Act argument, section 230(e)(2) of the Act specifically states that the Act has "[n]o effect on intellectual property law[.]" 47 U.S.C. § 230(e)(2). *See also e.g. Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1125 (D. Nev. 2013) ("the immunity provided by the CDA does not extend to 'any law pertaining to intellectual property.'"); *Gucci Am., Inc. v. Hall & Associates*, 135 F. Supp. 2d 409, 415 (S.D.N.Y. 2001) ("The instant claims are grounded in the law of intellectual property and, therefore, do not, on a motion to dismiss, implicate Section 230 immunity.") Similarly here "Plaintiff's copyright infringement claim pertains to intellectual property; thus, the application of the CDA cannot, as a matter of law, succeed under any circumstances." *Malibu Media, LLC v. Laura Xiong,* 1:13-cv-01525-WYD-MEH, CM/ECF 26 (D. Col. 2013) (striking same affirmative defense in similar BitTorrent copyright infringement case.)

Defendant's Online Copyright Infringement Liability Limitation Act defense also fails as a matter of law because Defendant does not qualify for the safe harbor protections of the Copyright Act as set forth in 17 U.S.C. § 512. The provisions of § 512 do not apply to

8

Defendant. In short, they apply to Internet Service Providers ("ISPs"). "To qualify for the 'safe harbor' provisions under the DMCA, a party must meet certain threshold requirements, including that the party (1) must be a 'service provider' as defined by the statute." *Wolk v. Kodak Imaging Network, Inc.*, 840 F. Supp. 2d 724, 743 (S.D.N.Y. 2012). There are two definitions for the term "service provider":

> (A) As used in subsection (a), the term 'service provider' means an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received.
>
> (B) As used in this section, other than subsection (a), the term 'service provider' means a provider of online services or network access, or the operator of facilities therefor, and includes an entity described in paragraph (A).

17 U.S.C. § 512(k)(1).

It is clear from the above definitions that Defendant—an individual and <u>not</u> a commercial entity or provider of online services—does not qualify for the safe harbor provisions of § 512. "In short, a natural person in the defendant's position . . . simply does not qualify as a 'service provider.' Therefore, the defendant's argument that she is immune from suit under the terms of § 512(a) is without merit." *Patrick Collins, Inc. v. Barbara Suter*, 1:12-cv-00971-BAH, CM/ECF 18 at pp. 8-11 (D.D.C. Sept. 1, 2012).

Additionally, the "Conditions for Eligibility" found in § 512(i) must be satisfied in order to take advantage of the safe harbor provisions. For example, under 512(i) a service provider is only immune if it "has adopted and reasonably implements, and informs subscribers and account holders of the service provider's system or network of, a policy that provides for the termination . . . of subscribers and accounts holders . . . who are repeat infringers." *Id.* at (1)(A). Defendant

has no subscribers nor accountholders and no policy that provides for termination for those who are repeat infringers and therefore cannot satisfy the Conditions for Eligibility. Indeed, "Congress decided to pass a special set of rules for ISPs . . . It is not the role of this Court to extend Congress's specific intent . . .[.]" *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 418 (D.N.J. 2005). "Judging from the statutory text and the case law, Malibu is correct . . . it is clear that 'service provider' is intended to refer to commercial entities. . . The court is aware of no case where Section 512's safe harbor provision was extended to a private individual[.]" *Malibu Media, LLC v. Does 1*, 2013 WL 1702549, at *7 (E.D. Pa. 2013).

In light of the foregoing, Defendant's Seventeenth Affirmative Defense fails as a matter of law and should be stricken.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion.

**WHEREFORE,** Plaintiff Malibu Media, LLC, respectfully requests entry of an order:

(A) Granting Plaintiff's Motion to Strike Affirmative Defenses;

(B) Striking Defendant's Affirmative Defenses; and

(C) Granting Plaintiff such other and further relief as this Court deems just and proper.

DATED: July 2, 2014.

                                                           Respectfully submitted,

                                                           MALIBU MEDIA, LLC.
                                                           PLAINTIFF

                                                           By: /s/*Jon A. Hoppe*
                                                           Jon A. Hoppe, Esquire #6479
                                                           Counsel

Maddox, Hoppe, Hoofnagle &<br>
Hafey, L.L.C.<br>
1401 Mercantile Lane #105<br>
Largo, Maryland 20774<br>
(301) 341-2580

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/*Jon A. Hoppe*