UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Malibu Media LLC** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | Case No. 1:13-cv-00512 |
| | : | |
| OY | : | |
| **Defendant** | : | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

1. The question before this Court is whether the testimony of a witness can be relied upon as being truthful, accurate and complete when the witness's compensation, or the witness's employer's compensation, is in whole or in part contingent on the successful outcome of the case in favor of the party for whom the witness testifies. The Defendant contends that the 4th Circuit's rule is correct in barring testimony of a witness where compensation to the witness or the witness's employer is contingent on the case outcome. And further, that the Circuits allowing such testimony have it wrong.

2. When the testimony of an employee or consultant would impact the compensation paid to the employer, the testimony must be considered inherently suspicious. The notion that an employee or consultant would not lie or conceal information in order to benefit the employer is absurd. Of course, one can ask the executives at General Motors and the major New York banks what they think.

3. In this case, the Plaintiff contends that the use of Write Once Read Many (WORM) tapes that supposedly contain the evidence of copyright infringement cannot be challenged. But a five minute Google search found numerous websites stating that WORM tapes can be copied.

4.  Suppose the defense seeks to introduce a witness to testify that a WORM tape can not only be copied, but that in the copy process the data can be edited and manipulated. And further, that the bogus copy can be then pawned off as an original. Suppose payment to the witnesses company is contingent, in whole or in part, on the successful outcome of the defense case. The question is whether the Court allow this testimony.

5.  In Maryland, the answer is <u>no</u>. Because the testimony of an employee who is an expert in a specific area and who testifies to matters related to that expertise is inherently suspect. Allowing such testimony is therefore against public policy. *Accrued Fin. Servs., Inc. v. Prime Retail, Inc.*, 298 F.3d 291, 300 (4th Cir. 2002).

6.  In some District Courts cited by the Plaintiff, the testimony would be admitted. If the testimony is admitted, the problem then becomes how a jury of ordinary people could determine which testimony to believe. How would anyone know if the data supporting a complaint is true and unaltered.

7.  The answer is that they won't. Because a WORM tape can be copied. And if altered and changed during copying, the copy can be pawned off as original. When a tape copy is made, "a non-WORM-enabled copy could be altered and then rewritten to a WORM copy. The WORM copy would appear to present the data correctly, but it would not be correct." David G. Hill, *Data Protection: Governance, Risk Management, and Compliance*, Paragraph 16.2 at page 195 (2009).

8.  The simple fact is that few people have the ability to fairly gauge the truthfulness and accuracy of highly technical facts offered by percipient witnesses that require expert analysis. When a contingent fee witness testifies that "I used specialized computer software to track certain events and the data collected was captured, stored and processed in ways that make the

data impossible to alter", there is no real world experience for triers of fact to assess the testimony' truthfulness. In addition, even if a second expert is called to rebut and refute this testimony, the triers of fact have no way to fairly weight which expert opinion is true and should be relied upon. Instead, they rely on subjective indications such as dress, age, demeanor and other factors.

9. It is unfair and prejudicial to place the trier of fact in the position of trying to sort out which experts to believe when weighing their conflicting testimony.

10. Furthermore, the Plaintiff's assertion that it "cured" the contingent fee defect should be disregarded for two reasons. First, there is no question that at the time this lawsuit was filed, IPP was not paid for the work but in fact had a fee arrangement contingent on successful outcome of the case. Second, even if the IPP employees and consultants are paid salaries, they indirectly benefit from contingent payments made to IPP. It is possible and plausible in addition that the employee and consultant will be paid a "bonus" on successful completion of this case. Quite simply, it doesn't matter whose kitty it comes out of or who is paid a contingent fee, the potential for harm and mischief remains.

11. The Maryland and Fourth Circuit rule is correct. Highly technical testimony by an expert employee or consultant must be considered inherently unreliable, and barred as a matter of public policy when compensation to the person or to the employer company is contingent in whole or in part on the successful outcome of the case.

12. The Plaintiff's Complaint is based on evidence supplied by and through IPP. IPP is a company that received part or all of its compensation as a contingent fee. This fact irrevocably taints the evidence. Whether IPP is later paid a fee after the complaint is filed does not alter or remove the taint. The Plaintiff cannot un-ring the bell of witness tainting.

What the Plaintiff elects to do in future cases it files does not remove the obvious witness bias and prejudice in place when this lawsuit was filed in 2013.

13.  To preserve the integrity of the judicial process, the testimony in the Complaint must be disregarded or struck, and this case be dismissed with prejudice.

DATED: July 17, 2014

>Respectfully submitted,
>Law offices of Fredric D. Abramson
>
>By:   /s/ Fredric D. Abramson
>Fredric D. Abramson #05438
>21155 Woodfield Road
>Gaithersburg, MD 20882
>Telephone: (301) 758-1120 (cell direct)
>FDAbramson@FDAbramson.com
>
>Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July 2014, a copy of the foregoing Answer to Second Amended Complaint was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system:

Jon A. Hoppe, Esq.
Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
1401 Mercantile Lane, #105
Largo, Maryland 20774

>By:   /s/ Fredric D. Abramson
>Fredric D. Abramson #05438
>21155 Woodfield Road
>Gaithersburg, MD 20882
>Telephone: (301) 758-1120 (cell direct)
>FDAbramson@FDAbramson.com
>
>Attorney for Defendant