UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Malibu Media LLC** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | Case No. 1:13-cv-00512 |
| | : | |
| **OY** | : | |
| **Defendant** | : | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asks this Court to deny Plaintiff's Motion to Strike five of Defendant's affirmative defenses. The Defendant will provide additional detail that it believes provides sufficient notice of the legal and factual grounds for these affirmative defenses. *Bell Atlantic v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), *Ashcroft v. Iqbal,* 566 U.S. 662 (2009), and will amend its Answer accordingly.

**1. Sixth Affirmative Defense – Failure to Mitigate Damages**

The Defendant contends that the Plaintiff purposefully avoided taking sufficient steps to protect its copyrighted material because it is more profitable to allow its X-Art.com subscribers to distribute the X-Art content to torrent sites, and to then seek judgments and/or settlements from those who download what its own subscribers have uploaded.

The Defendant further contends that the German tracking firm, IPP, knew or should have known the IP addresses of the X-Art subscribers who downloaded Plaintiff's films and subsequently uploaded those downloaded films to sites that make the films freely available on the Internet for download. In other words, The Plaintiff, either directly or through IPP, knew or should have known the identities of those who downloaded its films from X-art. And the

Plaintiff, directly or through IPP, knew or should have known the identities of those subscribers who subsequently "seeded" the torrent sites.

The Plaintiff failed to act to reduce or eliminate the opportunity for anyone to download one of Plaintiff's films from bit-torrents. This is a failure to mitigate the damage of copyright infringement.

In addition, Courts have broad discretion in determining how to award statutory damages and may consider actual damages as a factor in making that determination. A failure to mitigate economic damages is relevant because one purpose of statutory damages is to approximate actual damages that are difficult to prove. Courts hearing Malibu Media cases in other jurisdictions have allowed the defense of failure to mitigate damages, "reasoning that 'because [courts] ha[ve] broad discretion in determining how to award statutory damages and may consider actual damages as a factor in making that determination, a failure to mitigate damages may remain relevant, particularly because one purpose of statutory damages is to approximate actual damages that are difficult to prove.'" Malibu Media, LLC. v. Tony Zumbo, 2:13-cv-729-JES-DNF (M.D. Fla. June 17, 2014) (citing Malibu Media, LLC v. Doe, 2:13-CV-135-RLM-JEM, 2014 WL 1031336, at *2 (N.D. Ind. Mar. 17, 2014) (citing Malibu Media, LLC v. Julien, 1:12-CV-01730-TWP, 2013 WL 5274262, at *2 (S.D. Ind. Sept. 17, 2013)); see also, Malibu Media, LLC v. Reeves, 1:12-CV00841-SEB, 2013 WL 5487424, at *2-3 (S.D. Ind. Sept. 27, 2013).

Therefore, the Plaintiff's Motion to Strike the Sixth Affirmative Defense should be denied, and the Defendant be permitted to amend the Answer accordingly.

   2. **Seventh Affirmative Defense – No Damages**

The Supreme Court has held that "a jury trial includes the right to have a jury determine the *amount* of statutory damages, if any, awarded to the copyright owner. It has long been recognized that "by the law the jury are judges of the damages." *Feltner v. Columbia Pictures*

*Television, Inc.*, 523 U.S. 340, 353, 118 S. Ct. 1279, 140 L. Ed. 2d 438 (1998). It is therefore prejudicial to the Defendant to exclude evidence of actual damages, if any, since the amount of actual damages is an element that the jury can consider in determining the amount of statutory damages.

The absence of actual damages is merely an element that goes to the question of whether statutory damages are to be awarded. The *Lowry's Reports* Court added in citing Woolworth that "(b)ecause statutory damages are an alternative to actual damages, there has never been a requirement that statutory damages must be strictly related to actual injury. *F.W. Woolworth Co. v. Contemporary Arts,* 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952) ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy"). *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 459 (D. Md. 2004). The phrase "if it deems just" should mean that the level of actual damages becomes an element for the jury to consider in awarding statutory damages if copyright infringement is found.

Therefore, the Plaintiff's Motion to Strike the Seventh Affirmative Defense should be denied, and the Defendant be permitted to amend the Answer accordingly.

**3. Tenth Affirmative Defense – Failure to Join an Indispensable Party**

The Plaintiff's characterizations of joint tortfeasers and members of a swarm are not relevant. The simple fact is that when multiple persons have independent access to and use of an Internet portal and common IP address, any one of those persons could be the alleged infringer by downloading files. Thus Fed. R. Civ. P. 19(a)(1)(B)(ii) applies because this Defendant is subject to the substantial risk of incurring a judgment for copyright infringement when the Defendant was not and is not the infringer.

This is not a case of joint tortfeasors because the actions of other users of the single IP address in downloading films from torrent sites are not coordinated. Each user would have the ability to independently download material from torrent sites. Thus, the Plaintiff's assertions that *this* Defendant downloaded the films identified in the complaint is insufficient.

The Plaintiff's discussion about members of the "swarm" is not applicable because the indispensable parties are not abstract bit-torrent downloaders but are in fact authorized users of the IP address associated with the alleged downloads of copyrighted material.

The names of at least two other users of the IP address associated with this case are known to the Plaintiff. Therefore, the Plaintiff's Motion to Strike the Tenth Affirmative Defense should be denied, and the Defendant be permitted to amend the Answer accordingly.

4. Twelfth Affirmative Defense – Unclean Hands

The Defendant contends that a reasonable interpretation of the fact is that the Plaintiff was an active participant in uploading its films to torrent sites. This active participation could occur in at least two ways. One way is where the Plaintiff, either personally or through agents and intermediaries, uploads its films to torrent sites. A second way is where the Plaintiff allows members of its X-Art.com site to download and save films to the member's hard drive, and then to subsequently upload those films to torrent sites. In this "passive acquiescence", the Plaintiff has unclean hands in that it aided and abetted the initial film uploads. Without those initial uploads to a torrent site, there can be no copyright infringing downloads from a torrent site. In effect, Malibu Media and IPP joined to create a "honey pot" scheme that seeds or causes to be seeded Malibu Media films on torrent sites to lure downloads and would be infringers.

Therefore, the Plaintiff's Motion to Strike the Twelfth Affirmative Defense should be denied, and the Defendant be permitted to amend the Answer accordingly.

5. Seventeenth Affirmative Defense – Statutory Bar

The Defendant does not oppose Plaintiff's Motion to Strike the Seventeenth Affirmative Defense.

**Conclusion**

For the reasons stated above, the Plaintiff's Motion to Strike Affirmative Defenses should be denied for the Sixth, Seventh, Tenth, and Twelfth affirmative defenses, and Defendant granted leave to amend the Answer to the Complaint. The Plaintiff is not prejudiced by denial.

DATED: July 22, 2014

        Respectfully submitted,
        Law offices of Fredric D. Abramson

By: __/s/ Fredric D. Abramson_____
        Fredric D. Abramson #05438
        21155 Woodfield Road
        Gaithersburg, MD 20882
        Telephone: (301) 758-1120 (cell direct)
        FDAbramson@FDAbramson.com

        Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of July 2014, a copy of the foregoing Answer to Second Amended Complaint was filed electronically. Notice of this filing will be sent to the following counsel by operation of the Court's electronic filing system:

Jon A. Hoppe, Esq.
Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
1401 Mercantile Lane, #105
Largo, Maryland 20774

By: __/s/ Fredric D. Abramson_____
        Fredric D. Abramson #05438
        21155 Woodfield Road
        Gaithersburg, MD 20882
        Telephone: (301) 758-1120 (cell direct)
        FDAbramson@FDAbramson.com

        Attorney for Defendant