IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MALIBU MEDIA, LLC,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. RWT 13-cv-0512 |
| ▮▮▮▮▮▮▮▮, | * | **(REDACTED)** |
| Defendant. | * | |

## MEMORANDUM OPINION AND ORDER

On February 17, 2013, Plaintiff Malibu Media, LLC ("Malibu") filed a Complaint alleging violation of copyrights owned or controlled by it in violation of the Copyright Act, 17 U.S.C. § 101 (2012), and naming as Defendant "John Doe subscriber assigned IP address 74.107.99.177." ECF No. 1. Malibu filed a Second Amended Complaint on April 29, 2014 identifying the Defendant as ▮▮▮▮▮▮▮▮. ECF No. 55. Now before the Court is Defendant's Motion to Dismiss on grounds that a contingent fee witness provided all of Malibu's factual allegations. Mot. Dismiss ¶ 1, ECF No. 62. Malibu filed its Opposition on June 30, 2014, ECF No. 64, and Defendant filed his Reply on July 17, 2014, ECF No. 66.

Malibu has sued a number of individual "John Doe" defendants who allegedly used the BitTorrent file distribution network to download adult pornographic films in violation of Malibu's copyrights. When Malibu initiates the lawsuits, it is only able to isolate the individual "John Doe" defendants by reference to the Internet Protocol address ("IP address") through which the account subscriber downloaded copyrighted work. Therefore, in order to more precisely identify John Doe in this matter, the Court granted Malibu leave to serve a Rule 45 subpoena on the Internet Service Provider ("ISP") ordering it to name the account subscriber

assigned to the relevant IP address on the date the copyrighted work was downloaded. ECF No. 36. The ISP served in this case has identified Defendant ▮▮▮▮▮▮▮ as the owner of the account to which the IP address was assigned at the relevant time. Opp'n 4, ECF No. 64. In order to avoid potential for abuse, the Court has established procedures for these cases that fully protect the ability of the individual "John Doe" defendants to participate anonymously without need for intervention. ECF No. 30. Here, Defendant seeks to exclude the information relied upon by Malibu and to dismiss the case. Mot. Dismiss ¶ 1.

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (internal quotations and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

Defendant argues that Malibu is paying a contingent fee to its expert Tobias Fieser and his company IPP Limited. Mot. Dismiss ¶ 2. Defendant relies on Maryland law holding that

2

expert witness contingent fees are not permissible and that a witness who is receiving a contingent fee cannot be called to testify. *See, e.g., Accrued Fin. Servs., Inc. v. Prime Retail, Inc.*, 298 F.3d 291, 300 (4th Cir. 2002) ("[W]e also conclude that the arrangements are against public policy insofar as they provide for supplying expert testimony for a contingent fee."); *Accrued Fin. Servs. Inc. v. Prime Retail*, No. JFM-99-2573, 2000 WL 976800, at *3 (D. Md. June 19, 2000) ("[T]he Maryland Rules of Professional Conduct applicable to members of the bar recognize that [t]he common law rule in most jurisdictions is that it is improper to pay an occurrence witness any fee for testifying and that it is improper to pay an expert witness a contingent fee.").

It is likely that an expert paid a contingent fee cannot serve as a witness in a case in this district, and it may well be that contingent fee agreements are unenforceable as contrary to public policy. *Farmer v. Ramsay*, 159 F. Supp. 2d 873, 883 (D. Md. 2001); *Accrued Fin. Servs.*, 298 F.3d at 300. However, this Court recently held that an expert may be paid on a contingent fee basis where, as here, the expert is not testifying and the offending party intends to call a different witness at trial. *Malibu Media, LLC v. Doe*, No. 14-CV-00223-MJG, 2014 WL 4682793, at *3–4 (D. Md. Sept. 18, 2014); *see also Armenian Assembly of Am., Inc. v. Cafesjian*, 924 F. Supp. 2d 183, 194 (D.D.C. 2013) ("[P]arties are free to pay individuals, including fact witnesses, for providing information and assisting with litigation, so long as the payment is not for their testimony."); *Schackow v. Med.-Legal Consulting Serv., Inc.*, 46 Md. App. 179, 196 (1980) ("[N]othing in the Code of Professional Responsibility prohibits a contingent fee contract with a consulting service so long as: 1) the service does not engage in the unauthorized practice of law; 2) the lawyer does not share legal fees with the service; and 3) the fee is not payable for the service's testimony.").

Defendant relies heavily on *Accrued Financial Services Inc.*, in which a company was assigned certain causes of action possessed by commercial tenants in exchange for a percentage of any damages or settlement obtained in those suits. 298 F.3d 291. The Court dismissed the case on public policy grounds, finding that the assignments of the causes of action were champertous, and the Fourth Circuit affirmed. *Id.* at 291. This case, however, does not appear to involve champerty. Even if Defendant is correct that IPP is helping Malibu to "stir up" litigation, there is no indication that anyone other than Malibu is directing the litigation and the Fourth Circuit has expressly stated that it would be permissible for an expert to offer consulting services to help a party pursue legal claims. *Id.* at 300.

IPP provided Malibu with labor-intensive data collection services, and Malibu is permitted to pay IPP for that service. Opp'n 5. In addition, Malibu asserts that it no longer has a contingent fee agreement with IPP. *Id.* at 4. Malibu and IPP now have a written fixed fee agreement pursuant to which Malibu pays IPP for providing the service of collecting data about infringements. Tobias Decl. ¶ 8, ECF No. 64-2. In preparation for its response to Defendant's Motion to Dismiss in this case, Malibu asked Michael Patzer—an individual who created the software IPP uses to record Defendant's infringement—to examine the evidence. Patzer Decl. ¶¶ 2, 5, ECF 64-3. Patzer independently reviewed the evidence and confirmed that it had recorded Defendant's IP address infringing Malibu's copyrighted works at the exact Hit Dates and UTC times listed in Malibu's Complaint. *Id.* ¶ 16. Patzer does not work for IPP, was not paid for his testimony, and is not entitled to any money received from a settlement or judgment in Malibu's favor. *Id.* ¶¶ 17–21.

Accordingly, it is, this 24th day of February, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant's Motion to Dismiss (ECF No. 62) is hereby **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE