**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **MALIBU MEDIA, LLC,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. RWT 13-cv-0512 |
| | * | |
| **JOHN DOE subscriber assigned** | * | |
| **IP address 74.107.99.177,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## MEMORANDUM OPINION AND ORDER

On April 29, 2014, Plaintiff Malibu Media, LLC ("Malibu") filed a sealed Second Amended Complaint alleging violation of copyrights owned or controlled by it in violation of the Copyright Act, 17 U.S.C. § 101 (2012), and identifying the Defendant by name.  ECF No. 55. On June 11, 2014, Defendant filed his Answer asserting twenty-one affirmative defenses, ECF No. 61, of which Malibu now moves to strike five, Mot. 1, ECF No. 65.  Defendant filed his Response on July 22, 2014.  ECF Nos. 68, 69.  For the forgoing reasons, the Court strikes all five of the affirmative defenses to which Malibu objects.

## BACKGROUND

Malibu has sued a number of individual "John Doe" defendants who allegedly used the BitTorrent file distribution network to download adult pornographic films in violation of Malibu's copyrights.  When Malibu initiates the lawsuits, it is only able to isolate the individual "John Doe" defendants by reference to the Internet Protocol address ("IP address") through which the account subscriber downloaded copyrighted work.  The Court granted Malibu leave to serve a Rule 45 subpoena on the Internet Service Provider ("ISP"), which identified Defendant

as the owner of the account, but also fashioned procedures which fully protect the ability of Defendant to participate in the proceedings anonymously.  ECF Nos. 30, 64.  On June 11, 2014, Defendant publicly filed a redacted version of his Answer.  Answer ¶¶ 37–58, ECF No. 61.  On July 2, 2014, Malibu moved to strike five of Defendant's affirmative defenses, including failure to mitigate damages, failure to prove damages suffered, failure to join an indispensable party, the doctrine of unclean hands, and statutory bar based on Section 230 of the Communications Decency Act and/or the Online Copyright Infringement Liability Limitation Act.  Mot. 3–10, ECF No. 65.  On July 22, 2014, Defendant responded by withdrawing his statutory bar defense and in opposition regarding the remaining four defenses in question.  Resp. 1–5, ECF No. 68.

## STANDARD OF REVIEW

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which gives the Court discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Generally, Rule 12(f) motions are viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic."  *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted). Accordingly, "in reviewing motions to strike defenses, federal courts have traditionally 'view[ed] the pleading under attack in a light most favorable to the pleader.'"  *Hammer v. Peninsula Poultry Equip. Co.*, Civ. No. RDB-12-1139, 2013 WL 97398, at *5 (D. Md. Jan. 8, 2013) (internal quotation omitted).  The decision whether to strike material under Rule 12(f) is within the discretion of the district court, and may be denied if it does not meet the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure.  *Id.*

## ANALYSIS

Malibu seeks to strike four affirmative defenses set forth by Defendant: failure to mitigate damages, failure to prove damages suffered, failure to join an indispensable party, and the doctrine of unclean hands.  Mot. 3–10.  Defendant withdrew his statutory bar defense based on Section 230 of the Communications Decency Act and/or the Online Copyright Infringement Liability Limitation Act.  Resp. 5.  When faced with a motion to strike affirmative defenses under Rule 12(f), courts must determine whether the matter is properly pled as an affirmative defense and complies with Rules 8 and 9 of the Federal Rules of Civil Procedure.  An affirmative defense that fails to meet either of these standards shall be stricken.

Furthermore, this Court has previously found that the plausibility standard set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009), applies as much to the pleading of affirmative defenses as it does to the pleading of allegations in a complaint.  *Hammer*, 2013 WL 97398, at *5; *Aguilar v. City of Lights of China Restaurant, Inc.*, No. DKC-11-2416, 2011 WL 5118325, at *2–4 (D. Md. Oct. 24, 2011); *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 533 (D. Md. 2010)).  As such, an assertion of an affirmative defense must contain "more than labels and conclusions" and a "formulaic recitation" of the elements of the defense.  *Twombly*, 550 U.S. at 555.  An assertion of an affirmative defense is insufficient if it does not contain "enough facts" demonstrating that it is "plausible on its face."  *Id.*

Defendant's proffered defenses of failure to mitigate or prove damages are not properly pled where, as here, Malibu has elected to recover *only* statutory damages instead of an award of actual damages and profits.  Answer ¶¶ 42, 43.  Malibu has advanced this argument in similar litigation in other courts, and all agree that a copyright plaintiff's exclusive pursuit of statutory

damages invalidates a failure to mitigate defense.  *See, e.g. Malibu Media, LLC v. Doe*, No. 1:13-cv-30, 2013 WL 4048513, at *2 (N.D. Ind. 2013) ("[h]aving elected statutory damages, [the plaintiff] has given up the right to seek actual damages, thereby making a failure-to-mitigate defense inapplicable"); *Malibu Media, LLC v. Batz*, No. 12-cv-01953, 2013 WL 2120412, at *3 (D. Colo. 2013) ("[t]he Court agrees that a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense"); *Malibu Media, LLC v. Doe*, Civ. No. 13-3648, 2014 WL 2581168, at *5 (N.D. Ill. 2014) (striking failure to mitigate defense where defendant conceded that it did not apply since the plaintiff elected only statutory damages).  In addition, this Court has previously found that "[s]tatutory damages are appropriate even when actual damages cannot be proven." *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 460–61 (D. Md. 2004) (citing *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952) ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy")).  Statutory damages are an alternative to actual damages, and there has never been a requirement that statutory damages must be strictly related to actual injury.  This Court shall not initiate such a requirement here.

Defendant's defense of failure to join an indispensable party does not comply with Rule 8, falling far short of meeting the *Twombly-Iqbal* pleading standard.   Answer ¶ 47. Furthermore, to the extent that Defendant contends he did not engage in the downloading, he has asserted a denial rather than a defense. *Malibu Media, LLC v. Batz*, No. 12-cv-01953, 2013 WL 2120412, at *4 (D. Colo. Apr. 5, 2013).  Defendant's belief that other alleged infringers have not, and must, be joined in this lawsuit is discredited by well-settled interpretations of Rule 19(a) of the Federal Rules of Civil Procedure. *Malibu Media, LLC*, 2013 WL 4048513, at *3; *see also*

*Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."). The Court will be able to adjudicate this matter and accord complete relief to Malibu regardless of whether any other allegedly infringing members are present. *Id.* (citing Fed. R. Civ. P. 19(a)(1) (A)). The same holds true in actions where the alleged copyright infringement occurred using the peer-to-peer filing sharing service. *See Malibu Media, LLC v. John Doe 1*, Civ. No. 12-2078, 2013 WL 30648, at *10 (E.D. Pa. Jan. 3, 2013) (citing *Temple*, 498 U.S. at 6).

Defendant's defense of unclean hands also fails to meet the *Twombly-Igbal* pleading standard, as it is a bare conclusory allegation unsupported by any factual basis. Answer ¶ 49. In copyright actions, the doctrine of unclean hands is only applied where the wrongful acts "in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication." *Mas v. Coca-Cola Co.*, 163 F.2d 505, 509 (4th Cir. 1947) (citing *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)). Where asserted, unclean hands must be pled with the specific elements required to establish the defense. *See Prowess, Inc. v. RaySearch Labs., AB*, 953 F. Supp. 2d 638, 655 (D. Md. 2013). Moreover, the doctrine bars recovery "'[o]nly when some unconscionable act of one coming for relief has immediate and necessary relation to the equity that' the party seeks.'" *Janssens v. Freedom Med., Inc.*, No. Civ. 10-2042, 2011 WL 1642575, at *3 n.1 (D. Md. Apr. 29, 2011) (citing *New Valley Corp. v. Corporate Prop. Assocs. 2 & 3*, 181 F.3d 517, 525 (3d Cir.1999)). Defendant asserts neither facts nor allegations that would support a finding of unclean hands in this case. Although Defendant alleges Malibu "was an active participant in uploading its films to torrent sites," Defendant fails to identify inequitable conduct that is connected or related to the matters before the Court in this action. Resp. 4.

Accordingly, it is, this 25th day of March, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's Motion to Strike Defendant's Affirmative Defenses (ECF No. 65) is hereby **GRANTED**, and the Defendant's Sixth, Seventh, Tenth, Twelfth, and Seventeenth Affirmative Defenses are hereby **STRICKEN**.


_____/s/_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE